UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

AMANDA PERRY,
    *on behalf of herself and all other employees similarly*
    *situated,*

                           *Plaintiff,*

    v.

V & J NATIONAL ENTERPRISES, LLC; V & J
UNITED ENTERPRISES, LLC; V & J HOLDING
COMPANIES, INC.; V & J EMPLOYMENT
SERVICE, INC.; VALERIE DANIELS CARTER, and
JOHN DANIELS, JR.,

                           *Defendants.*

**CLASS AND COLLECTIVE ACTION
COMPLAINT
AND DEMAND FOR JURY TRIAL**

**Civil Action No.**
15   No. -cv- 6353

Plaintiff Amanda Perry ("Named Plaintiff"), on behalf of herself and all other persons similarly situated, known and unknown ("Plaintiffs"), through her attorney Ferr & Mullin, P.C. brings this class and collective action complaint against the above-named Defendants. This lawsuit seeks to recover minimum wages, injunctive relief and declaratory relief to redress the deprivation of rights secured to the Named Plaintiff and similarly situated co-workers who work or have worked at Defendants' restaurants in New York State.

## NATURE OF CLAIM

1.    Defendants' policy is to pay employees subminimum wage rates relying on the tip credit allowance when working as servers. Defendants' servers are tasked with several duties including: greeting customers, taking orders, delivering food and drinks and processing payments. Defendants' servers have the ability to earn tips based on customer satisfaction.

2.    Named Plaintiff brings this action on behalf of herself and similarly situated current and former employees pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of New York Labor Law ("NYLL") including: Article 6, § 195, *et seq;* New

York Minimum Wage Act, Article 19, § 650 *et seq.*; and New York State Department of Labor Regulations, including, but not limited to: 12 N.Y.C.R.R. §§137-2.2 (repealed); 146-2.3; 146-1.3; 146-2.2; and 146-1.7.

3.     Named Plaintiff also brings this action on behalf of herself and similarly situated current and former servers who elect to opt-in to this action pursuant to the Fair Labor Standards Act of 1938 as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"), specifically, the collective action provision of 29 U.S.C. § 216(b).

4.     At all times relevant to the litigation, Defendants did not notify Plaintiffs and those similarly situated of New York Labor Law's tip credit provisions and the supporting regulations. *See* 12 N.Y.C.R.R. §§137-2.2 (repealed); 146-2.3; 146-1.3; 146-2.2; and 146-2.4.

5.     Moreover, Defendants' policy and pattern or practice did not notify its servers of the FLSA's tip credit provision 29 U.S.C. § 203(m) and supporting Federal Regulations, including but not limited to 29 C.F.R. §516.4.

6.     In addition, neither Defendants nor any of the managers of Defendants' business provided requisite notice to Plaintiffs regarding the tip credit as required by the FLSA.

7.     Accordingly, Defendants are not entitled to pay Plaintiffs subminimum wages under the FLSA and NYLL.

8.     At all times relevant to this litigation Defendants did not provide Plaintiffs and those similarly situated with written notices as required by NYLL § 195.

9.     At all times relevant to this litigation, Defendants failed to compensate Plaintiffs for one additional hour at the appropriate rate of pay on occasions when an individual Plaintiff's work day spanned in excess of ten hours.

10. At all times relevant to this litigation, on occasions on which Plaintiffs that were paid subminimum wage worked in excess of forty hours in one work week, Defendants failed to compensate them at the legally required overtime premium of minimum wage times one-and-one-half.

11. At all times relevant to this litigation, Defendants failed to maintain the uniforms that they required Plaintiffs to where, or to provide Plaintiffs with the Uniform Maintenance Pay required by 12 N.Y.C.R.R. § 146-1.7.

## JURISDICTION AND VENUE

12. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343 (3) and (4) conferring original jurisdiction upon this Court of any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights; under 28 U.S.C. § 1337 conferring jurisdiction of any civil action arising under any Act of Congress regulating interstate commerce; and under the Declaratory Judgment Statute, 28 U.S.C. § 2201; and under 29 U.S.C. § 216(b).

13. This Court's supplemental jurisdiction of claims arising under the NYLL is also invoked.

14. Venue is appropriate in the Western District of New York since the allegations arose in this District, Defendants do business in this District and the Named Plaintiff resides in this District.

## CLASS ACTION ALLEGATIONS

15.     The NYLL claims are properly maintainable as a class action under Rule 23.

16.     The Rule 23 classes consist of the following:

I. Wage Statement Class: All current and former tipped employees who worked for Defendants from June, 2009 to present who were not provided wage statements, with each payment of wages, listing allowances claimed by Defendants as required by the NYLL and supporting regulations.

II. Wage Notice Class: All current and former tipped employees working for Defendants from January 1, 2011 through present who were not provided wage notices that included the tip credit as required by the NYLL and supporting regulations.

III. Overtime Class: All current and former tipped employees who worked in excess of forty hours in one work week who were not paid for overtime hours at a rate of at least minimum wage times one-and-one-half.

IV. NYLL §195(1) Class: All current and former employees, regardless of rate of pay, who did not receive the written notice required by NYLL §195(1)(a) at the time of hire for the period June, 2009 through present, or each subsequent January for the period June, 2009 through December 31, 2014.

V. NYLL §195(3) Class: All current and former employees, regardless of rate of pay, who did not receive a statement with each payment of wages, as required by NYLL § 195(3).

VI. Spread of Hours Class: All current and former employees, regardless of rate of pay, whose work days, on any given day, spanned in excess of ten hours, and who were not paid a premium for those days as required by the NYLL and supporting regulations.

VII. Uniform Maintenance Class: All current and former employees, regardless of rate of pay, who were required by Defendants to wear uniforms that were not maintained by Defendants and who did not receive uniform maintenance pay from Defendants.

17.     The class action is maintainable under subsections (1), (2), (3) and (4) of Rule

23(a).

18.     The number of putative class members is believed to exceed 200.

19. The Named Plaintiff's claims share common issues of law and fact as to whether she was paid properly and are typical of the claims of the members of the Wage Statement Class, Wage Notice Class and Overtime Class, because they are or were employed by Defendants and paid subminimum wages.

20. The Named Plaintiff's claims share common issues of law and fact as to whether she received notices required by the NYLL and are typical of the claims of the members of the NYLL §195(1) Class and NYLL §195(3) Class because they are or were employed by Defendants and were subject to the same payroll and hiring procedures.

21. The Named Plaintiff's claims share common issues of law and fact as to whether she was paid the required additional hour of pay for shifts that spanned in excess of ten hours and are typical of the claims of the members of the Uniform Maintenance Class because they are or were employed by Defendants and were subject to the same uniform procedures.

22. The Named Plaintiff's claims share common issues of law and fact as to whether she was required to wear a uniform that was not maintained and not paid uniform maintenance pay and are typical of the claims of the members of the Spread of Hours Class because they are or were employed by Defendants and were subject to the same payroll procedures.

23. Common issues of law and fact predominate in this action because resolution of them will resolve significant aspects of this litigation for each class member including, but not limited to, the following:

- Whether Defendants violated the respective NYLL and supporting regulations by paying employees subminimum wages;

- Whether Defendants violated the NYLL and supporting regulations by failing to include the tip allowance it claimed on each wage statement as required by the NYLL and supporting regulations; and

- Whether Defendants violated the NYLL and supporting regulations by failing to include the tip credit in the wage notice as required by the NYLL and supporting regulations.

- Whether Defendants violated the NYLL and supporting regulations by failing to pay tipped employees for overtime hours at a rate of at least minimum wage times one-and-one half.

- Whether Defendants violated the NYLL by failing to provide written notices to all employees, regardless of rate of pay, as required by NYLL §195(1) and (3).

- Whether Defendants failed to compensate all employees, regardless of rate of pay, whose work day spanned in excess of ten hours for one additional hour as required by the NYLL and supporting regulations.

- Whether Defendants failed to maintain uniforms of employees or pay them uniform maintenance pay as required by the NYLL and supporting regulations.

24.     Further, there are no known conflicts of interest between the Named Plaintiff and the class members.  Moreover, the Named Plaintiff will adequately represent the interests of the class members because they are similarly situated to the class members.

25.     Class Counsel, Ferr & Mullin, P.C., is qualified and able to litigate the Plaintiffs' claims.

26.     The Class Counsel concentrates its practice in employment litigation, and is experienced in class action litigation, including class actions arising under wage and hour laws.

27.     The class action is also maintainable under subsection (2) of Rule 23(b) because the Named Plaintiff and the class members seek injunctive relief against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein.

28.     Moreover, the class action is maintainable under subsection (3) of Rule 23(b) because the Named Plaintiff and class members seek to resolve common questions of law and fact (*see supra* ¶¶ 19-23) that predominate among the Named Plaintiff and Class members and the class action is superior to other available methods for the fair and efficient adjudication of the controversy. The class action is also maintainable under Rule 23(c)(4) because resolution of common issues will significantly advance the litigation or entitle Plaintiffs to injunctive relief.

## COLLECTIVE ACTION ALLEGATIONS

29.     Named Plaintiff brings this action on behalf of herself and all other similarly situated employees as authorized under 29 U.S.C. § 216(b). The employees similarly situated for purposes of the collective action are:

> All Defendants' current and former employees who were paid a subminimum wage rate in the last three years, were not paid at the appropriate rate for overtime hours, and not properly informed of the tip credit.

30.     Defendants knowingly and willfully operate their business with a policy of not paying the FLSA minimum wage to the Named Plaintiff and other similarly situated employees.

31.     At all times relevant to the litigation, Defendants' policy was to not notify the Named Plaintiff and similarly situated employees of the FLSA's tip credit provision 29 U.S.C. § 203(m) and supporting federal regulations, including but not limited to 29 C.F.R. §531.59. Accordingly, Defendants are not entitled to pay Plaintiffs subminimum wages under the FLSA.

32.     Further, Defendants are aware, or should have been aware, that federal law required them to provide requisite notice to tipped employees of their intent to pay them less than minimum wage as required by the FLSA.

33.     There are numerous similarly situated current and former tipped employees of Defendants who work or worked at Defendants' restaurants who would benefit from issuance of a Court supervised notice of the instant lawsuit and the opportunity to join in the present lawsuit.

34.     Similarly situated employees are known to Defendants and readily identifiable by Defendants through Defendants' payroll records.

35.     Therefore, the Named Plaintiff should be permitted to bring this action as a collective action for and on behalf of those employees similarly situated pursuant to the opt-in provision of the FLSA, 29 U.S.C. § 216(b).

## PARTIES

### A.     Plaintiffs

#### *Named Plaintiff*

36.     Amanda Perry was an employee of Defendants under the FLSA and NYLL, was employed within this District during the relevant time period, and resides within this District.

37.     Amanda Perry worked for Defendants from approximately October 2010 to March 2014 at Defendants' restaurant located at 305 South Main Street, Canandaigua NY 14424.

38.     The Named Plaintiff, along with other employees, was subject to Defendants' policy which paid Plaintiffs at subminimum wages.

39.     At all times relevant to the litigation, Defendants did not notify Named Plaintiff and those similarly situated of the FLSA's tip credit provision 29 U.S.C. § 203(m) and supporting Federal Regulations, including but not limited to 29 C.F.R. §531.59.

- 8 -

40.     At all times relevant to the litigation, Defendants did not notify Named Plaintiff and those similarly situated of the NYLL's tip credit provision and the supporting New York State Department of Labor Regulations, including, but not limited to 12 N.Y.C.R.R. §§ 137-2.2; 146-1.3; 146-2.2; 146-2.3; and 146-2.4.

41.     Moreover, the Defendants failed to provide Named Plaintiff and those similarly situated with wage statements that complied with the requirements of NYLL. For example, Plaintiff and class members were not given wage statements that contained allowances claimed by Defendants including the tip credit as required by 12 N.Y.C.R.R. §§ 137-2.2 and 146-2.3.

42.     Accordingly, Defendants are not entitled to pay Plaintiffs subminimum wages under the FLSA or NYLL.

43.     Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiffs and other similarly situated employees. In particular, Defendants sought to take a tip credit without satisfying the requisite statutory requirements of providing proper notice to employees and to inform them of the amount of tip credit allowance taken in each payment period, as required and NYLL.

44.     Plaintiffs were also subject to Defendants' policies that caused them to not be paid the correct hourly rate for overtime worked, not be compensated for one additional hour for days on which their workday spanned in excess of ten hours, and not be paid for all hours worked.

45.     Plaintiffs were also subject to Defendants' payroll and hiring policies that resulted in them not receive the written notices required by NYLL §195(1) and (3).

- 9 -

46.     Plaintiffs were also subject to Defendants' policies that required employees to wear uniforms, but did not maintain them or provide uniform maintenance pay as required by the NYLL and supporting regulations.

### *Class Members*

47.     As described in more detail below, class members (or "Plaintiffs") are those employees of Defendants from June, 2009 to the date of judgment who are similarly situated to the Named Plaintiff in that they were also subject to Defendants' illegal pay policies which fail to pay minimum wage, fail to pay the appropriate overtime rate, fail to pay the required premium for work days spanning more than ten hours, fail to notify employees of the tip credit, fail to maintain uniforms or pay uniform allowance pay, and fail to supply written notices as required by the NYLL, as set forth in more detail in this complaint.

**B.     Defendants**

48.     At all times relevant hereto, Plaintiffs were "employees" of Defendants as defined by the NYLL and the FLSA.

49.     At all times relevant hereto, Defendants are "employer[s]" as defined in the NYLL, § 651, and the FLSA, 29 U.S.C. § 203(d).

50.     Defendants own and operate restaurants in New York State, are "enterprise[s]" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and are enterprises engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. §203(s)(1).

51.     Defendants' employees are engaged in interstate commerce, and their annual gross volume of sales made or business done exceeds $500,000, exclusive of excise taxes.

52.    During the course of their employment by Defendants, Plaintiffs handled goods, including perishable produce and other food and beverage products that moved in interstate commerce.

53.    V & J National Enterprises, LLC is a foreign entity with an address to which the New York State Secretary of State may mail process of: C/O C T Corporation System, 111 Eighth Avenue, New York New York 10011. It operates one or more restaurants in New York State.

54.    V & J United Enterprises, LLC is a foreign entity with an address to which the New York State Secretary of State may mail process of: C/O C T Corporation System, 111 Eighth Avenue, New York New York 10011. It operates one or more restaurants in New York State.

55.    V & J Holding Companies, Inc. is a foreign entity not registered with the New York Department of State.

56.    Upon information and belief, V & J Holding Companies, Inc. has an ownership interest in, or ownership common with, V & J National Enterprises, LLC and/or V & J United Enterprises, LLC.

57.    V & J Employment Service, Inc. is a foreign entity not registered with the New York Department of State.

58.    Upon information and belief, V & J Employment Service, Inc. has an ownership interest in, or ownership common with, V & J National Enterprises, LLC and/or V & J United Enterprises, LLC.

59.    Individuals can apply for positions at any of the restaurants owned and/or operated by Defendants via www.vjfoods.com.

60.    Employees at Defendants' various locations can contact Defendants via www.vjfoods.com and via a telephone number known as V&J's Confidential Employee Hotline.

61.    In addition, the public can contact Defendants and provide feedback via www.vjfoods.com.

62.    Based on these facts, V & J National Enterprises, LLC; V & J United Enterprises, LLC; V & J Holding Companies, Inc.; and V & J Employment Service, Inc. can be held liable as an employer of Plaintiff and Class Members for violations complained of in this matter.

### *Individual Defendants*

63.    Valerie Daniels Carter ("Carter") is the one of the founders and, upon information and belief, the President and CEO of V & J Holding Companies, Inc.

64.    John Daniels, Jr. ("Daniels") is the one of the founders and, upon information and belief, the Chairman of the Board of V & J Holding Companies, Inc.

65.    Carter is directly in charge of the overall operations of Defendants' restaurants.

66.    As such, Carter is primarily responsible for implementing business decisions as they pertain to Defendants' restaurants, including but not limited to decisions concerning company labor guidelines, budgets, and other financial controls.

67.    Based on these facts, Carter can be held liable as employer of Plaintiffs for violations complained of in this matter.

68.    Daniels is directly in charge of the overall operations of Defendants' restaurants.

69.    As such, Daniels is primarily responsible for implementing business decisions as they pertain to Defendants' restaurants, including but not limited to decisions concerning company labor guidelines, budgets, and other financial controls.

70.     Based on these facts, Daniels can be held liable as employer of Plaintiffs for violations complained of in this matter.

## COUNT I
### Violation of the New York Labor Law – Minimum Wages
### Class Action

71.     Plaintiff hereby realleges and incorporate paragraphs 1 through 70 of this Complaint.

72.     This count arises from Defendants' willful violation of the NYLL, New York Minimum Wage Act, Article 19, § 650 et seq., for Defendants' failure to pay Named Plaintiff and the class of employees that she seeks to represent all their earned minimum wages. Named Plaintiff and the class are current and former employees of Defendants who are due, and who have not been paid, minimum wages under the provisions of the NYLL. Named Plaintiff bring Count I as a class action under Rule 23.

73.     Defendants have a practice of paying Plaintiffs subminimum wages.

74.     Defendants failed to provide written notice of the tip credit or allowance to Plaintiffs as required by NYLL.

75.     Defendants also failed to pay tipped employees for overtime hours at a rate of at least minimum wage times one-and-one half, less any tip allowance to which Defendant was entitled.

76.     Defendants' practices violate the minimum wage provisions of the NYLL.

77.     Plaintiffs will seek to certify Count I as a class action, and ask the Court to determine the rights of the class, enjoin the illegal conduct, order the payment of other damages due, and to direct Defendants to account for all back wages, penalties and prejudgment interest thereon due to Plaintiffs.

78. Count I is brought as a class action because the class members similarly situated to the Named Plaintiff are so numerous that joinder of all members is impracticable. Named Plaintiff therefore brings this action on her own behalf as an aggrieved employee, and in her representative capacities, against Defendants. Named Plaintiff and similarly-situated persons are equally affected by the minimum wage violations of Defendants, and the relief sought is for the benefit of the Named Plaintiff and the class that she seeks to represent.

79. The issues involved in this lawsuit present common questions of law and fact. These common questions of law and fact predominate over the variations which may exist between members of the classes, if any. The Named Plaintiff and the class of similarly-situated persons on one hand, and Defendants on the other, have a commonality of interest in the subject matter and remedy sought, namely owed wages plus penalties, interest, attorneys' fees and the cost of this lawsuit. The individual Named Plaintiff believes and asserts that she is able to fairly and adequately represent and protect the interests of the class. If individual actions were required to be brought by each of the similarly-situated persons injured or affected, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals, to the Court, and to Defendants. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

80. The books and records of Defendants are material to Plaintiffs' action as they disclose certain of the hours worked by each employee and the rate of pay for that work.

81. Defendants violated the NYLL by failing to compensate Plaintiffs and members of the class consistent with the minimum wage provisions.

## COUNT II
### Violation of the New York Labor Law – Required Notices
### Class Action

82.     Plaintiff hereby realleges and incorporate paragraphs 1 through 81 of this Complaint.

83.     This count arises from Defendants' willful violation of the NYLL, New York Minimum Wage Act, Article 6, §195, for Defendants' failure to provide written notice to all employees, regardless of rate of pay, as required by NYLL §195(1)(a) at the time of hire for the period June, 2009 through present, or each subsequent January for the period June, 2009 through December 31, 2014. In addition, Defendants failed to provide each employee with a statement with each payment of wages, as required by NYLL §195(3). Named Plaintiff brings Count II as a class action under Rule 23.

## COUNT III
### Violation of the New York Labor Law – Spread of Hours
### Class Action

84.     Plaintiff hereby realleges and incorporate paragraphs 1 through 83 of this Complaint.

85.     This count arises from Defendants failure to pay all employees, regardless of rate of pay, for days on which their work day spanned in excess of ten hours. Named Plaintiff brings Count III as a class action under Rule 23.

## COUNT IV
### Violation of the New York Labor Law – Uniform Maintenance Pay
### Class Action

86.     Plaintiff hereby realleges and incorporate paragraphs 1 through 85 of this Complaint.

87.     This count arises from Defendants' failure to maintain Plaintiffs' uniforms or pay them uniform maintenance pay as required by the NYLL and supporting regulations. Named Plaintiff brings Count IV as a class action under Rule 23.

**WHEREFORE**, Plaintiff and the Class pray for judgment with respect to Counts I, II, III and IV against Defendants as follows:

(a)     an order preliminarily and permanently restraining Defendants from engaging in the aforementioned pay violations;

(b)     an award of the value of Plaintiffs' unpaid wages and overtime;

(c)     an award equal to one hour of pay for each work day spanning in excess of ten hours;

(d)     an award crediting Plaintiffs for all hours worked;

(e)     an award of fifty dollars for each week that Defendants violated NYLL § 195(1), not to exceed twenty-five hundred dollars;

(f)     an award of one hundred dollars for each week that Defendants violated NYLL § 195(3), not to exceed twenty-five hundred dollars;

(g)     an award equal to the uniform maintenance pay for each week that Defendants violated 12 N.Y.C.R.R. § 146-1.7.

(h)     an additional amount as liquidated damages up to one-hundred percent of the total amount found to be due;

(i)     an award of reasonable attorneys' fees, expenses, expert fees and costs incurred in vindicating Plaintiffs' rights;

(j)     an award of pre- and post-judgment interest;

(k)     the amount equal to the value which would make Plaintiffs whole for the violations; and

(l)     such other and further legal or equitable relief as this Court deems to be just and appropriate.

## COUNT V
### Violation of the Fair Labor Standards Act – Minimum Wages
### Section 216(b) Collective Action

88.     Plaintiff hereby realleges and incorporates paragraphs 1 through 87 of this Complaint.

89.     This count arises from Defendants' willful violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, for their failure to pay minimum wages to the Named Plaintiff and the class she seeks to represent. Plaintiff brings this claim as a collective action under Section 16(b) of the Act.  29 U.S.C. §216(b).

90.     Plaintiffs are not exempt from the minimum wage provisions of the Fair Labor Standards Act.

91.     Defendants failed to provide notice of the tip credit to Plaintiffs as required under federal law.

92.     Defendants also failed to pay Plaintiffs for overtime hours at a rate of at least minimum wage times one-and-one half.

93.     Defendants' practices violate the minimum wage provisions of the FLSA.

94.     Because the Plaintiffs were all deprived minimum wage payments by the Defendants' policy, Plaintiffs are similarly situated to each other pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

(a)     judgment in the amount of the owed minimum wages and overtime for all time worked by Plaintiffs;

(b)     an injunction against Defendants and their officer, agents, successors, employees, representatives and any all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

(c)     liquidated damages in an amount equal to the amount of unpaid minimum wages;

(d)     an award crediting Plaintiffs for all hours worked;

(e)     an award of reasonable attorneys' fees, expenses, expert fees and costs
        incurred in vindicating Plaintiffs' rights;

(f)     an award of pre- and post-judgment interest; and

(g)     such other and further relief as this Court deems just and proper pursuant
        to the FLSA.

## JURY DEMAND

Plaintiffs demand a jury to hear and decide all issues of fact in accordance with Federal

Rule of Civil Procedure 38(b).

Dated: June 10, 2015

FERR & MULLIN, P.C.

By:
_____

Robert Mullin
*Attorney for Plaintiffs*
7635 Main Street Fishers
P.O. Box 440
Fishers, New York 14453
Telephone:  (585) 869-0210
rlmullin@ferrmulinlaw.com